FILED

2005 Mar-09  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICKIE L. HIBBLER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  CV 04-P-3347-S** |
| | } | |
| **ALABAMA CLINICAL SCHOOLS,** | } | |
| **INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court is Defendant Alabama Clinical School's Inc.'s ("ACS") Motion for Summary Judgment (Doc. #11) filed on January 3, 2005.  The issues on summary judgment are whether Plaintiff's claims are procedurally barred due to lack of timeliness and scope of charge issues.  The court set this case for its March 3, 2005 motion docket.  After studying the briefs and hearing from the parties, the court finds that there are no material facts and that ACS is entitled to judgment as a matter of law.  Accordingly, Defendant's ACS's Motion for Summary Judgment is due to be granted.

### II.    Statement of Facts

Plaintiff Vickie Hibbler filed a charge of discrimination with the EEOC on April 26, 2004. (AF No. 1).  Throughout the EEOC investigative process, Plaintiff represented herself.  (Doc. #17 at Ex. B ¶ 9).  The EEOC charge of discrimination alleges that Plaintiff was subjected to sexual harassment and retaliation during the period of her employment at ACS.  (AF No. 2).  Plaintiff bases the retaliation claim in her charge solely on the allegation that after complaining about sexual harassment, she was assigned to "high risk violent students without enough supervision."  (AF No.

3).  Plaintiff's EEOC charge makes no allegation concerning her discharge from employment at ACS.  (AF No. 4).  In fact, ACS discharged Plaintiff  on June 7, 2004, which was after the date on which Plaintiff filed her charge. (AF No. 5).  Although Plaintiff did not amend her administrative charge, she did call and report to an EEOC investigator that she had been fired by ACS because she had taken leave pursuant to the Family Medical Leave Act to take care of her aunt.  (Doc. #17 at Ex. C).

During the pendency of the EEOC's investigation into her charge, Plaintiff moved to a new residence.  (Doc. #17 at Ex. B ¶ 4).  While Plaintiff provided the United States Postal Service with her forwarding address information, she did not notify the EEOC in writing or verbally that she had moved.  (Doc. #17 at Ex. B ¶ 6).  On August 10, 2004, after she moved, but before she was sent her right to sue notice, Plaintiff participated in a Pre-Determination Interview ("PDI") with an EEOC investigator.  (Doc. #17 at Ex. C.)  It is undisputed that Plaintiff did not notify the EEOC investigator of her change of address at that time.

Based upon the EEOC case log documentation filed by Plaintiff, the EEOC sent a Dismissal and Notice of Rights to the Plaintiff on August 25, 2004, to Plaintiff's last known address.  (Doc. #17 at Ex. C).  The Dismissal and Notice of Rights stated that the EEOC was unable to conclude that the information obtained during the investigation of the charge of discrimination established any statutory violations.  (AF No. 7).  The Dismissal and Notice of Rights informed the Plaintiff that any lawsuit based on the April 26, 2004 EEOC charge of discrimination must be filed within ninety days of Hibbler's receipt of the Dismissal and Notice of Rights.  (AF No. 8).  The United States Postal Service never forwarded the EEOC Dismissal and Notice of Rights to Plaintiff's new residence.  Instead, Plaintiff saw the document for the first time at some point during the first or second week of September when she went to check on her mail at her old address.  (Doc. #17 at Ex. B ¶7).

2

Plaintiff filed her Complaint on December 1, 2004, within ninety days of her actual receipt of it but more than ninety days after she would have received it had she informed the EEOC of her address change. (Doc. #1).

## III.    Standard of Review

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## IV.    Analysis

### A.    Timeliness of Lawsuit

With respect to the timely initiation of a lawsuit by the charging party under Title VII:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and **within ninety days after the giving of such notice** a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e-5(f)(1) (emphasis added). Therefore, "Title VII actions may not be brought more

than ninety days after a complainant has adequate notice that the EEOC has dismissed the charge." *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999)); *see also Portera v. State of Alabama Dep't of Finance*, 322 F. Supp. 2d 1285, 1289 n.3 (M.D. Ala. 2004) (noting that because the plaintiff failed to file a lawsuit within ninety days of receiving a right-to-sue notice, "her claims relating to this first EEOC charge cannot be heard by the court").  "This ninety-day limit is strictly enforced in the Eleventh Circuit."  *Blocker v. AT&T Tech. Sys.*, 666 F. Supp. 209, 213 (M.D. Fla. 1987) (citing *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983)).

In this situation there are competing dates regarding when Plaintiff "received" her right to sue notice. The parties agree that if Plaintiff is charged with adequate notice of receipt of her right to sue notice based upon it being mailed to the address she provided the EEOC (and never corrected) her entire lawsuit would be untimely.  Alternatively, if the date of Plaintiff's actual receipt of the right to sue notice is applied, the parties agree her lawsuit would be timely.

With respect to the issue of a charging party's changing addresses during the course of an EEOC investigation, and its effect on measuring the receipt date of a right to sue letter, the Eleventh Circuit has held:

> We believe it to be fair and reasonable for the plaintiff, as suggested by the trial judge, to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure the delivery of the notice to this current address. Whether the plaintiff did or did not, we cannot tell without knowing what his evidence may be.  If he did not contribute that minimum assistance to the process, he should not be heard to complain that he did not receive the letter delivered to the last address known to the EEOC, unless he can show, in the words of *Franks* that other 'fortuitous circumstances' or 'events beyond his control' intervened, and that he 'through no fault of his own' failed to receive the suit letter.  Placement of this de minimis burden on the plaintiff also comports with the legislative purpose undergirding the ninety-day filing period, which 'is a protection to the employer and is plainly there for its benefit alone.'

*Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (citations omitted).

The court further noted that "[t]here is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." 673 F.2d at 1242. Because the Eleventh Circuit concluded that the record was incomplete on the issue of whether the plaintiff had failed to properly notify the EEOC about his change of address, it reversed and remanded the case stating "[t]he result the [district] court reached may in the end be the correct result, but the dismissal cannot be allowed to stand on the present record." 673 F.2d at 1243.

Based upon *Lewis*, the court must consider what meaning to give to the disjunctive phrase "or to take other reasonable steps to ensure the delivery of the notice to this current address"[1] and whether Plaintiff's actions adequately satisfy her de minimis burden. The court is persuaded that on balance the steps taken by Plaintiff are insufficient to meet her requisite burden.

Plaintiff moved at the end of June 2004. (Doc. #17 at Ex. B ¶ 4). She never notified the EEOC in writing or verbally about her move, despite her knowledge of the ongoing nature of the EEOC investigation. In particular, Plaintiff had a full and fair opportunity to advise the EEOC of her change in address over the telephone, when the EEOC investigator contacted her on August 10, 2004, to conduct the pre-determination interview or PDI. (Doc. #17 at Ex. C). However, Plaintiff inexplicably did not disclose her change of address to the EEOC at that time.

---

[1]Although Defendant contends this language is *dictum*, the court believes that it is consistent with the *Franks* court's analysis that if "fortuitous circumstances" or "event's beyond [the charging party's] control" occur, and that she "through no fault of [her] own" did not receive the right to sue, then she should not be penalized. *Franks v. Bowman Transportation Co.*, 495 F.2d 398, 404-05 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747 (1976).

As for Plaintiff's submission of a change of address form to the United States Postal Service, she did not take this step immediately upon moving and instead sent it in over two months after officially changing her residence.  (Doc. #17 at Ex. B ¶ 6).  Given the time that it takes for the United States Postal Service to process a change of address form,  Plaintiff's own delay in notifying the United States Postal Service cannot be characterized as a "reasonable step" "to ensure the delivery of the notice to [her] current address."  *Lewis*, 673 F.2d at 1243.  Moreover, while Plaintiff did eventually check her mail at her old address, she could have done this on a more regular basis to avoid the delay in her personal review of the EEOC notice.  Therefore, the court views the deficiencies in Plaintiff's own actions as a failure to provide the "minimum assistance to the process" called for in *Lewis* such that her claims are statutorily time-barred.

While there does not appear to be a case with identical facts to this one, the court's holding is consistent with and supported by decisions in other similar situations. *See, e.g., Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337,1340 (11th Cir. 1999) (affirming summary judgment for defendant when plaintiff fails to meet minimal burden of retrieving EEOC's right to sue letter in timely manner); *Green  v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (affirming summary judgment for defendant on timeliness grounds when EEOC sent notice to plaintiff's home address but plaintiff had not actually seen letter because he was in prison); *Law v. Hercules, Inc.*, 713 F.2d 691, 691 (11th Cir. 1983) (affirming dismissal of suit on timeliness grounds on basis that 90 day period begins to run when plaintiff's son picks up EEOC letter at the post office and leaves it on kitchen table); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1086 (11th Cir. 1982) (affirming summary judgment for defendant on timeliness grounds on basis that 90 day period begins to run when  plaintiff's wife receives letter); *Decker v. Anheuser Busch*, 632 F.2d 1221, 1224 (11th Cir. 1980) (rendering dismissal of action and holding notice is effective from time of delivery to

attorney's office, without regard to when attorney may actually have read communication).

The court's opinion is further bolstered by the law of other circuits as well as the Code of Federal Regulations.  As explained by the Eighth Circuit, "[g]enerally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC."  *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989). Moreover, the Seventh Circuit, in affirming dismissal of a lawsuit as untimely (on the basis of the plaintiff's failure to provide the EEOC with his change of address, despite references to his new place of residence contained within the EEOC file), said the following:

> Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address.  The regulation, 29 C.F.R. § 1601.7(b) (1981), makes mandatory that which was dictated already by common sense.  The regulation provides that a person who has filed a Title VII charge 'has the responsibility to provide the Commission with notice of the change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the change.

*St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984) (citations omitted).

### B.     Scope of EEOC Charge

Because the court concludes that Plaintiff's lawsuit is procedurally barred due to its untimeliness under the 90-day rule, it does not reach any of the other issues raised by the parties.

## V.     Conclusion

For the reasons stated above, Plaintiff's Complaint is procedurally barred due to its untimeliness.  The court finds that there are no material factual disputes and ACS is entitled to judgment as a matter of law.  Accordingly, ACS's Motion for Summary Judgment is due to granted, and Plaintiff's Complaint is due to be dismissed.  The court will enter an order of dismissal consistent with this Memorandum Opinion.

7

**DONE** and **ORDERED** this ____9th____ day of March, 2005.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE